Duke *v.* Brown.

---

## DUKE *v.* BROWN.

On appeals from justices, it is competent for the Common Pleas or Circuit Courts, to which the appeal is taken, in the exercise of a sound discretion, to permit amendments to be made, and to say whether the costs should, or not, abide the event of the suit.

Error in the refusal to reject or strike out evidence is not available in this Court, unless the ground of objection to the evidence was pointed out in the Court below.

Under the provisions of sections 305 and 306, 2 R. S., pp. 97, 98, a party to an action can not be compelled, by the mere serving upon him a subpœna *duces tecum*, issued *ex parte*, to produce his books on the trial, for evidence or inspection; but such production can only be enforced by an order, which must be made by "the Court or a judge thereof," upon reasonable or due notice to the adverse party.

APPEAL from the *Carroll* Common Pleas.

DAVISON, J.—*Duke*, who was the plaintiff, sued *Brown*, before a justice of the peace, upon an account for 64 dollars. The defendant answered by pleading, as a set-off the plaintiff's demand, an account for 97 dollars. Before the justice the plaintiff recovered a judgment for 50 dollars, from which

the defendant appealed. In the Common Pleas the defendant moved to amend his answer by adding certain additional items of account to his account originally filed, which motion, though resisted by the plaintiff, was sustained by the Court, and the amendment was accordingly made. And thereupon the plaintiff moved to tax all the costs in the case, up to the time of said amendment, to the defendant, but this motion was overruled and he excepted. These rulings are, severally, assigned for error.

The statute, relative to appeals from justices of the peace, says that the cause appealed shall be tried, in the Circuit or Common Pleas Court, "under the same rules and regulations prescribed for trials before justices, and amendments of the pleadings may be had on such terms, as to costs and continuances as the Court may order." 2 R. S. p. 463, sec. 67. The amendment, it seems to us, was plainly allowable under the statute; and it was for the Court, in the exercise of a sound discretion, to say whether the costs should, or not, abide the event of the suit. In this instance its discretionary power does not appear to have been abused. The motions were, in our opinion, correctly disposed of by the Court.

The issues were submitted to a jury, who found for the defendant, and the Court, having refused a new trial, rendered judgment, &c.

It appears by the record that after one *William H. Bowen*, a witness of the defendant, had given his evidence on the trial, the plaintiff moved to strike out the evidence so given, from the consideration of the jury; but the Court overruled his motion, and he excepted. This exception is not, however, available in this Court, because the grounds of objection to the evidence do not appear to have been pointed out in the Court below.

It also appears that before the commencement of the trial in the Common Pleas the plaintiff caused a subpœna *duces*

*tecum* to be issued for the defendant, requiring him to bring into Court his books, from which he copied his account, or bill of particulars, against the plaintiff; which subpœna was regularly issued, and duly served and returned. That during the trial, and both before and after the evidence for the defence was heard, the plaintiff moved to require the defendant to bring said books into Court for inspection and evidence; but the Court refused the motion, and the plaintiff excepted. Was this ruling correct?

We have a statute which provides thus, sec. 305: "The Court or judge thereof may, upon motion, compel by order, either party to produce, at or before the trial, any book, paper or document in his possession or power; the order may be made upon application of either party upon reasonable notice to the adverse party or his attorney; if not produced, parol evidence may be given of the contents." Sec. 306. "The Court, or judge thereof, may under proper restrictions, upon due notice, order either party to give the other, within a specified time, an inspection and a copy of any book or part thereof, paper or document in his possession, or under his control, containing evidence relating to the merits of the action or the defence therein. If compliance with the order be refused, the court, on motion, may exclude such evidence, or punish the party refusing, or both." 2 R. S. pp. 97, 98.

These sections provide, specifically, the mode in which a discovery of the contents of books and papers is to be sought. The order to produce them for evidence or inspection must be made by "the Court or a judge thereof." It is, therefore, evident that a party to an action can not be compelled, by service of a subpœna *duces tecum*, issued *ex parte*, to produce his books on the trial. Nor can the order contemplated in the statute be rendered, unless "upon reasonable or due notice to the adverse party." But the record before us fails to show that the defendant had any notice whatever of

the application for the order; and we must infer that it was refused on the ground of the absence of such notice. True, a subpœna was issued and served on the defendant, requiring him to produce his books; but, as we have seen, he was not bound to obey that process, nor can it be intended that its service was notice that the plaintiff would move for the order.

*Per Curiam.*—The judgment is affirmed with costs.

*Henry M. Graham, A. H. Evans* and *John H. Gould,* for appellant.